FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 1 8 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
ELVIN WEEKES,

        Plaintiff,

-against-

JAMES WELLS, SUNTRUST BANK INC., and
MCCALLA RAYMER, LLC,

        Defendants.
-----------------------------------------------------------------x

**MEMORANDUM & ORDER**

10-CV-2244 (ENV)

**VITALIANO, D.J.**

  Plaintiff Elvin Weekes filed this pro se action against James Wells, SunTrust Bank, Inc. ("SunTrust"), and McCalla Raymer LLC, alleging violations of Georgia and federal law arising from a foreclosure of certain real property in Georgia. SunTrust and Wells now move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(3) and (6), or, in the alternative, to transfer the case to the Northern District of Georgia. Without offering any opinion on the merits of plaintiff's claims, the action is hereby transferred to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1406(a).

  A civil action in which federal jurisdiction is not based solely on diversity of citizenship[1] may be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). If a case is filed

---

[1] The Court need not reach the issue of whether a federal question exists or whether federal jurisdiction in this case is founded solely on diversity of citizenship, as the outcome would be the same regardless. See 28 U.S.C. § 1391(a)(3).

1

in the wrong district, the Court may "transfer such case to any district ... in which it could have been brought." 28 U.S.C. § 1406(a).

Venue does not lie in this district based on the facts alleged on the face of the complaint. All three defendants are Georgia residents, and the real property at issue in this case is in Ellenwood, Georgia. The residence of defendant James Well is unknown, but at a minimum, he is alleged to be employed by SunTrust in Atlanta. This action's only connection to this district is the plaintiff's residence here, but that is not an element of § 1391. All of the defendants and the property are in the Northern District of Georgia, Atlanta Division, see 28 U.S.C. § 90(a), and accordingly, the action will be transferred there. See 28 U.S.C. § 1406(a).

The Clerk of Court is directed to transfer this action to the United States District Court for Northern District of Georgia, Atlanta Division. The Clerk of Court is directed to mark this case closed.

SO ORDERED.

Dated: Brooklyn, New York
January 6, 2011

/Signed by Judge Vitaliano/

ERIC N. VITALIANO
United States District Judge